[No. 2691.]

ROBERT SEDBERRY *v.* THE STATE.

| 14 | 233 |
| 35 | 393 |

1. "LOCAL OPTION LAW"—INDICTMENT.—See the statement of the case for an indictment *held* sufficient to charge an infraction of the "Local Option Law."
2. SAME.—VENUE must be established before a conviction can stand, and proof of venue cannot be supplied by mere inference.

APPEAL from the County Court of Bosque. Tried below before the Hon. R. G. Childress, County Judge.

The conviction was for the violation of the "Local Option Law," and the penalty imposed was a fine of twenty-five dollars.

The charging part of the indictment reads as follows:

* * * "One Robert Sedberry, late of said county, on the first day of November, 1882, and in said county, and State of Texas, did then and there unlawfully sell intoxicating liquors, after the qualified voters of said Bosque county had determined, at an election held in accordance with the laws of the State of Texas, that the sale and exchange of intoxicating liquor should be prohibited in said county, and after the Commissioners' Court of said county had made an order prohibiting the sale of intoxicating liquors, and after said order had been published for four successive weeks in the *Independent Blade,* a newspaper published in said county, and having the largest circulation of any newspaper published in said county; contrary," etc.

The opinion otherwise discloses the case

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. We are of opinion the indictment in this case is sufficient to charge, under Article 378, Penal Code, the offense of selling intoxicating liquor after local option had been adopted in conformity with law.

Many errors are assigned for reversal of the judgment, but we find but one in the record which is fatal; and that is, that

the venue of the offense is nowhere established by the evidence shown in the record. The record shows that local option was adopted in Bosque county, and that everything pertaining to its adoption and putting it into operation happened in Bosque county, but there is no evidence that Sedberry sold any whisky or intoxicating liquor in the county of Bosque. We might infer that it was sold in that county, but inferences alone cannot be indulged to establish the venue of an offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 23, 1883.